# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

JON COREY WILLIAMS

VERSUS                                                    NO:    18-06250

ENNIS INC. d/b/a USPark.net                               SECTION: "KWR"

## ORDER

Before the Court is Plaintiff, Jon Corey Williams', **Order to Show Cause Re: Vacate of Judgment/Order (R. Doc. 31)**, seeking to vacate the undersigned's judgement granting summary judgement in favor of Defendant Ennis Inc. d/b/a US Park.net, and against Jon Corey Williams (R. Doc. 29) entered June 20th, 2019. Defendant Ennis Inc. has opposed this motion (R. Doc. 32). This motion's submission date is June 24, 2019.

The substance of the underlying dispute in this case, which pertained to a claim for, *inter alia*, workplace discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, is irrelevant. As Williams is contesting service of process, the only issue before the Court is resolution of whether Defendants did properly serve the Plaintiff the filing for its Motion for Summary Judgment (R. Doc. 29).

Plaintiff, proceeding *pro se*, moves this Court pursuant to Federal Rule of Civil Procedure 60(b)(4). As Defendant correctly cites, a party entitled to relief under Rule60(b)(4) must meet exacting standards. *Borne v. River Pars. Hosp., L.L.C.*, 548 F. App'x 954, 957 (5th Cir. 2013) ("It is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so unwarranted as to constitute an abuse of discretion."). As such, under Rule 60(b)(4) a "judgment is void if the rendering court lacked subject matter or personal jurisdiction, or acted in a manner inconsistent with due process." *Id.* (internal quotations omitted).

Put simply, the address Plaintiff has provided on his Motion to Vacate, and all other filings, is the same address the Court used to serve process on Plaintiff. While some filings have been mail returned as undeliverable, Defendant's Motion for Summary Judgment (R. Doc. 27) is not included in that grouping. This Circuit recognizes that "where a party forwards to another party a notice of [a filing] by registered or certified mail directed to the [party's] last known address, service by mail is complete upon mailing." *Singh v. Wackenhut Corp.*, 252 F.R.D. 308, 310 (M.D. La. 2008) (citing Federal Rule of Civil Procedure 5(b)(2)(C)).[1] As such, the onus is placed upon Plaintiff to make sure his address is deliverable.

Although Plaintiff, incorrectly cites Rule60(b)(4), the Court would likewise like to note that there is no conduct indicative of fraud, misrepresentation, or misconduct of the opposing party,[2] that would warrant setting aside the judgment.

**IT IS ORDERED** that the Plaintiff's **Motion to Vacate Order for Summary Judgement (R. Doc. 31)** is **DENIED.**

New Orleans, Louisiana, this 23rd day of July 2019.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[1] Fed.R.Civ.P. 5(b) provides service is made upon a party by "mailing it to the person's last known address-in which event service is complete upon mailing." Fed.R.Civ.P. 5(b).

[2] Plaintiff cites "Civil Rule 60(b)(4): Fraud, misrepresentation or other misconduct of an adverse party" where Rule 60(b)(4) actually provides "the judgment is void" and Rule 60(b)(3) provides "fraud (previous called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."